UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-80094-CANNON

UNITED STATES OF AMERICA

v.

ROBERTO FIGUEREDO,

    **Defendant.**

_____/

## FACTUAL PROFFER

    The United States of America and Defendant ROBERTO FIGUEREDO (the "Defendant") (collectively, the "Parties"), stipulate to and agree not to contest the following facts and stipulate that such facts, in accordance with Rule 11(b)(3) of the Federal Rules of Criminal Procedure, provide a sufficient factual basis for the plea of guilty to Counts 1 and 4 of the Indictment, which charge the Defendant with Casting a False Ballot, in violation of Title 52, United States Code, Section 20511(2)(B), and Voting by an Alien, in violation of Title 18, United States Code, Section 611(a) respectively. The Parties agree that had this case proceeded to trial, the United States would have proven the following facts, among others, beyond a reasonable doubt:

    1.    The Defendant is a citizen of Cuba.

    2.    The Defendant has never been a citizen of the United States.

    3.    The Defendant previously was a United States Lawful Permanent Resident ("LPR").

    4.    On or about October 27, 2011, the Defendant's LPR status was revoked, and the Defendant was ordered removed from the United States.

5. On or about January 29, 2020, the Defendant registered to vote with the State of Florida.

6. In his voter registration application—which was sworn under oath—the Defendant represented that he was a United States citizen, when in truth and in fact, the Defendant was not a United States citizen.

7. The Defendant also represented that he either had never been convicted of a felony, or if he had been convicted of a felony, his right to vote had been restored, when in truth and in fact, the Defendant had been convicted of at least one felony, and his right to vote had never been restored.

8. The Defendant swore under oath that the statements he had made in his voter registration application were true.

9. The Defendant would not have been eligible to vote in a federal election if he had truthfully disclosed that he was not a United States citizen and that he had been convicted of at least one felony and his right to vote had not been restored.

10. The Defendant knowingly and willfully cast ballots in the following three elections: the 2020 General Election, the 2022 Primary Election, and the 2022 General Election.

11. All three elections qualify as "election[s] for Federal Office" under Title 52, United States Code, Section 20511.

12. The Defendant knew that each of the three ballots he had cast were false and fraudulent under the laws of Florida.

The United States and the Defendant agree that these facts, which do not include all of the facts known to the United States, are sufficient to prove the guilt of the Defendant as to the crimes of Casting a False Ballot, in violation of Title 52, United States Code, Section 20511(2)(B) and Voting by an Alien, in violation of Title 18, United States Code, Section 611(a). The facts described above are not intended to be a complete recitation of the facts of this case and are merely intended to form a basis for the undersigned defendant's knowing, willful, and intentional plea of guilty.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: 9/30/25    By: _____
TIMOTHY FARINA
ASSISTANT UNITED STATES ATTORNEY

Date: 9/30/25    By: _____
PETER BIRCH
COUNSEL FOR THE DEFENDANT

Date: 9/30/25    By: _____
ROBERTO FIGUEREDO
DEFENDANT